UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN D. GORMIN, an individual,

                          Plaintiff,

- against -

ANDREW HUBREGSEN, an individual, MICHAEL BONNET, an individual, HB EQUITY ASSOCIATES, LLC, a Delaware Limited Liability Company, HUBREGSEN BONNET EQUITY PARTNERS, L.P., a Delaware Limited Partnership, AC 701 LLC, a Delaware Limited Liability Company, and AC 702 CORPORATION, a Delaware Corporation,

                          Defendants.

**ECF CASE**

08 Civ. 7674 (PGG)

<u>OPINION AND ORDER</u>

PAUL G. GARDEPHE, U.S.D.J.:

        Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants seek leave to amend the Answer and Counterclaims so that they may "correct an inadvertent drafting error." (Declaration of Edmund M. O'Toole, Dec. 29, 2008 ("O'Toole Decl.") ¶ 5.) Specifically, in the second sentence of Paragraph 137, Defendants seek to substitute the name "Mark Cirilli" for "Jeffrey Reamer" so that the amended sentence reads: "As one example, on November 27, 2007, Gormin was contacted by a Mark Cirilli of MissionPoint concerning a potential investment opportunity in a lighting entity called Ciralight." (<u>Id.</u>) For the reasons stated below, this Court grants Defendants' motion for leave to amend the Answer and Counterclaims.

        Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330, 91 S. Ct. 795, 802 (1971) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); <u>Zahra v.</u>

Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("[I]t is within the sound discretion of the district court whether to grant or deny leave to amend.") (citation omitted).  In deciding whether to grant such applications, courts consider whether the party seeking the amendment has not unduly delayed, whether that party is acting in good faith, whether the opposing party will be prejudiced, and whether the amendment will be futile:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182, 83 S. Ct. at 230.

All of these considerations favor granting Defendants' motion.  First, Defendants have not delayed but rather have filed this motion to amend their pleadings within the 30-day time frame that this Court set forth at the initial pretrial conference in this case.  (See Civil Case Management Plan and Scheduling Order, December 4, 2008 ("Scheduling Order") ¶ 4.)  Second, with this case still in its early stages, Defendants have made a good faith effort to correct an apparent misstatement in their Answer and Counterclaims.  By filing this motion in advance of the January 9, 2009 deadline for serving initial requests for interrogatories and production of documents, Defendants seek to eliminate a source of potential confusion that might otherwise have frustrated the parties' opening round of fact discovery.  (See Scheduling Order ¶¶ 7a–b.)

Third, it follows that the proposed amendment would not unduly prejudice Plaintiff.  Indeed, after receiving the proposed amended language of Paragraph 137, Plaintiff's counsel "responded in writing that they do not oppose the proposed amendment."  (O'Toole Decl. ¶¶ 6–7)  Finally, because the Defendants' early amendment of the Answer and Counterclaims will enable the parties to litigate this case in a more "productive" manner, granting the leave sought is in no way futile.  Cf. Ruffolo v. Oppenheimer & Co., 987 F.2d 129,

2

131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

Accordingly, Defendants' motion to amend their Answer and Counterclaims (Docket No. 32) is GRANTED. The Clerk of the Court is directed to terminate Defendants' motion.

Dated: New York, New York
January 6, 2009

SO ORDERED

_____
Paul G. Gardephe
United States District Judge