UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN D. GORMIN, an individual,

                          Plaintiff,

- against -

ANDREW HUBREGSEN, an individual, MICHAEL BONNET, an individual, HB EQUITY ASSOCIATES, LLC, a Delaware Limited Liability Company, HUBREGSEN BONNET EQUITY PARTNERS, L.P., a Delaware Limited Partnership, AC 701 LLC, a Delaware Limited Liability Company, and AC 702 CORPORATION, a Delaware Corporation,

                          Defendants.

**ECF CASE**

08 Civ. 7674 (PGG)

OPINION AND ORDER

PAUL G. GARDEPHE, U.S.D.J.:

        Defendants HB Equity Associates, LLC ("HB") and managing members Andrew Hubregsen and Michael Bonnet operate a private equity fund, Hubregsen Bonnet Equity Partners, L.P. ("HB"). (Cmplt. ¶ 1). Plaintiff Jonathan D. Gormin was hired by HB in 2002, and in 2004 he became a member of HB. As such, Defendants contend that he was obligated to "make available to the Partnership investments of which [he] bec[a]me aware that represent in the good faith judgment of the General Partner an appropriate investment opportunity for the Partnership." (Ans. ¶ 109). By letter dated April 10, 2008, HB terminated Gormin's employment, alleging that he had become aware of certain investment opportunities but had not – in violation of his contractual obligations – brought these opportunities to HB's attention. (Ans. ¶ 123; Hubregsen Decl., Ex. Q). Gormin then filed this lawsuit, alleging, inter alia, breach of contract and breach of fiduciary duty arising from HB's claimed attempt to "strip Gormin of his financial rights and ownership interest in [HB]." (Cmplt. ¶ 1). Defendants subsequently

filed breach of contract and breach of fiduciary duty counterclaims against Gormin, arising from his alleged diversion of "potential private equity investment opportunities away from HB and to third parties and future associates." (Ans. ¶ 125).

Before this Court is Defendants' motion to disqualify Eric Greenwald from serving as counsel to Plaintiff in this action. For the reasons stated below, the motion is DENIED.

## DISCUSSION

Defendants contend that Greenwald must be disqualified now under New York Disciplinary Rule 5-102 – even before discovery has begun – because there is evidence that he communicated with Gormin about certain business opportunities that "form the basis for many of Defendants' counterclaim allegations." (Def. Br. 4). More specifically, Defendants have retrieved from Gormin's former email account at HB numerous emails between Gormin and Greenwald in which the two men appear to be discussing investment opportunities.

For example, in October 2007, Gormin requested Greenwald's assistance in forming a Delaware LLC for a new business venture, and a later email suggests that Greenwald drafted an operating agreement concerning this proposed entity. (Hugbresen Decl., Ex. A). Similarly, in November 2007, Greenwald sent an email to Gormin concerning "a biofuel business that is currently looking for funding. The business plan is attached. I think this is a fantastic opportunity." (Hubregsen Decl., Ex. I).

As to the first opportunity, Defendants claim that they authorized Gormin to "develop the idea for the benefit of HB," but learned subsequently that Gormin had improperly established the new entity to divert potential investments away from HB. (Def. Reply Br. 7). As to the biofuel business opportunity, Defendants claim that Gormin was required to, but never did,

2

present this potential venture to HB. (Ans., ¶ 134). Plaintiff responds that he made HB aware of the first opportunity and that HB chose not to pursue it, and "expressly permitted Gormin to bring the project to third parties who [might] have an interest in funding the project." (Pltf. Br. 4). As to the biofuel business, Gormin contends that it "plainly did not fit within the HB investment criteria." (Id. at 5).

A.      **Applicable Law**

DR 5-102, codified at 22 N.Y.C.R.R. § 1200.21, addresses lawyers simultaneously serving as counsel and as a witness in the same action. DR 5-102(A) provides in pertinent part:

> A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client. . . .

22 N.Y.C.R.R. § 1200.21(a).

DR 5-102(B) provides that:

> Neither a lawyer nor the lawyer's firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer's firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.

22 N.Y.C.R.R. § 1200.21(b).

DR 5-102(C) provides in pertinent part:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal. . . .

22 N.Y.C.R.R. § 1200.21(c).

3

> Finally, DR 5-102(D) provides:
>
> If after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw acting as an advocate before the tribunal.

22 N.Y.C.R.R. § 1200.21(d).

The "objective of the disqualification rule is to 'preserve the integrity of the adversary process,'" Evans v. Artek Sys. Corp., 715 F.2d 788, 791 (2d Cir. 1983) (quoting Board of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)). The Second Circuit has instructed trial courts to require "'a high standard of proof'" on a disqualification motion, and to be "'solicitous of a client's right freely to choose his counsel.'" Evans, 715 F.2d at 791 (quoting Government of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978)). The "party seeking disqualification must bear a heavy burden of proof in order to prevail," and "[m]ere speculation will not suffice." NL Indus., Inc. v. PaineWebber Inc., No. 88 Civ. 8602 (MBM), 1990 WL 43929, at *1 (S.D.N.Y. April 9, 1990). In determining whether disqualification is warranted, the Second Circuit has instructed lower courts to take a "'restrained approach that focuses primarily on preserving the integrity of the trial process'"; disqualification is warranted only where counsel's continued representation poses "'a significant risk of trial taint.'" Ritchie v. Gano, No. 07 Civ. 7269 (VM)(JCF), 2008 WL 4178152, at *2–3 (S.D.N.Y. Sept. 8, 2008) (quoting Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 748 (2d Cir. 1981)).

B.  **Disqualification of Greenwald as Pre-trial Counsel is Unwarranted at this Stage**

Here, there appears to be little risk to the trial process, because Defendants have already represented that Greenwald will not appear as trial counsel in this matter. This

concession largely, if not completely, eliminates the concerns about "trial taint" noted above.[1] Indeed, numerous courts in this District have held that DR 5-102 addresses counsel's participation at trial, and does not bar counsel's participation in pre-trial proceedings. See, e.g., Ragdoll Prods. (UK) Ltd. v. Wal-Mart Stores, Inc., No. 99 Civ. 2101 (DLC), 1999 WL 760209, at *2 (S.D.N.Y. Sept. 27, 1999) (holding that DR 5-102's concern "is advocate-witness participation in fact finding, and not in pretrial proceedings"); Conigliaro v. Horace Mann Sch., No. 95 Civ. 3555 (CSH), 1997 WL 189058, at *4 (S.D.N.Y. Apr. 17, 1997) (holding that DR 5-102's concerns "arise out of an attorney's presence at trial" and were not implicated by participation in pre-trial matters); NL Indus.,1990 WL 43929, at *3 ("The Disciplinary Rules . . . mandate disqualification only from participation at trial, and not from representation altogether. Disqualification 'should be narrowly tailored to allow counsel to participate in all aspects of the case that would not involve counsel's testimony. . . .'") (quoting Fenn & Fenn, Inc. v. MacQueen, No. 88 Civ. 4196 (CSH), 1989 U.S. Dist. LEXIS 5545, at *21 (S.D.N.Y. May 15, 1989)).

    Defendants have nonetheless moved to disqualify Greenwald at the very outset of this case, before any discovery has been taken, arguing that it is already obvious that "Greenwald is one of the most important witnesses in this case" and that this mandates his disqualification. (Def. Reply Br. 1). This statement is as hyperbolic as Plaintiff's assertion that this motion "is a breathtakingly transparent, tactical – and futile – effort to punish Jonathan Gormin for bringing the instant lawsuit. . . ." (Pltf. Br. 12). The reality is that at this stage of the litigation, it is

---

[1] Defendants argue that Greenwald's possible participation in videotaped depositions could taint the trial process. (Def. Br. 21). Given that the focus in any videotaped deposition is on the witness, and not on the lawyer asking the questions, this concern seems overblown. In any event, any possible juror confusion about Greenwald's participation in one deposition as a witness, and in another deposition as a questioner, surely would be curable through a jury instruction.

impossible to determine how significant Greenwald might be as a witness or whether he is likely even to be called as a witness; whether his testimony would likely hurt or help his client; or whether his testimony would or would not be cumulative of other witnesses. Based on such a record, courts in this District commonly deny disqualification motions. See, e.g., Ritchie, 2008 WL 4178152, at *14; Stratavest Ltd. v. Rogers, 903 F.Supp. 663, 668 (S.D.N.Y. 1995) ("it is too early at this point in the proceeding [i.e., during discovery] to determine [whether counsel's testimony would be necessary]"; McDonald v. Hammons, 129 F.3d 114 (2d Cir. 1997) (the need to disqualify counsel "frequently only becomes clear at the conclusion of the underlying litigation"); Norman Reitman Co. v. IRB-Brasil Resseguros S.A., No. 01 Civ. 0265 (RCC), 2001 WL 1132015, at *4 (S.D.N.Y. Sept. 25, 2001) (denying motion to disqualify where "parties have just begun discovery and the case will not be ready . . . for trial for some time"); Rosefield v. Orentreich, No. 98 Civ. 2721 (TPG), 1998 WL 567750, at *5–6 (S.D.N.Y. Sept. 4, 1998) (denying motion to disqualify where it was not clear that case would proceed to trial or that counsel would be called to testify; "too much remains unknown").

Both sides appear to agree that Gormin knew of at least two business opportunities that HB did not pursue. The key issue as to these two projects would seem to be not so much how Gormin learned of them or who outside HB he discussed them with, but rather whether these were opportunities that should have been, but were not, presented by Gormin to HB. Whether Greenwald's discussions with Gormin have a greater significance than appears at present will have to await discovery. At present, this case falls within a well established line of cases, including those cited above, in which courts have concluded that disqualification motions made pre- or during discovery are premature.

The principal cases relied on by Defendants are clearly distinguishable. For example, in Corona v. Hotel & Allied Servs. Union Local 758, No. 04 Civ. 10074 (CSH), 2005 WL 2086326, at *7 (S.D.N.Y. Aug. 30, 2005), the court disqualified counsel only after determining that counsel was "a vital fact witness," "the dominant figure" as to the key legal question in the case – whether the Union's failure to file a grievance was arbitrary or in bad faith – and where the lawyer was "the only witness to [key] events" and was thus "uniquely qualified to paint the legal landscape which lies at the heart of plaintiffs' case against the Union." Similarly, in Soberman v. Groff Studios Corp., No. 99 Civ. 1005 (DLC), 1999 WL 349989, at *8 (S.D.N.Y. June 1, 1999), the court disqualified plaintiff's counsel where the bases for plaintiff's fraud claim were misrepresentations allegedly made by defendants solely to plaintiff's counsel. Defendants have not established that Greenwald's role here was in any way comparable to the lawyers disqualified in Corona and Soberman.[2]

---

[2] Defendants have also asked this Court to determine whether eleven emails between Gormin and Greenwald that Defendants obtained from Gormin's former email account at HB are privileged. Because the record has not been fully developed as to, inter alia, when an attorney-client relationship between Gormin and Greenwald began; what the scope of that relationship was; whether it was memorialized in any fashion; whether the confidentiality of these communications was preserved; and whether any conduct by Gormin constitutes a waiver of the attorney-client privilege, this Court will not rule on this issue at this time. The Court notes, however, that the initial email in the Gormin-Greenwald chain appears to be a communication for the purpose of obtaining legal advice. (Hugbresen Decl., Ex. A). Such communications are clearly privileged. See In re County of Erie, 473 F.3d 413, 423 (2d Cir. 2007) (concluding that because "each of the ten disputed e-mails was sent for the predominant purpose of soliciting or rendering legal advice[,]" the attorney-client privilege protected these messages from discovery). Other emails concerning, for example, the drafting of an operating agreement by Greenwald for Gormin's use also appear to be privileged. A definitive ruling on these matters must await a fully developed record, however.

## CONCLUSION

For the reasons stated above, Defendants' motion to disqualify Eric Greenwald as counsel to Plaintiff (Docket No. 26) is DENIED. The Clerk of the Court is directed to terminate Defendants' motion.

Dated: New York, New York
February 26, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge